# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GUSTAVO SANCHEZ AGUILAR,** | **1:17-CV-01692-LJO-SAB** |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS (ECF No. 5)** |
| v. | |
| **APPLIED UNDERWRITERS, INC.,** | |
| **Defendant.** | |

## I. INTRODUCTION

Plaintiff, Gustavo Sanchez Aguilar, also known as Gustavo Lopez Diaz ("Plaintiff"), brings this lawsuit against Applied Underwriters, Inc. ("Defendant"). Plaintiff alleges that Defendant failed to continue providing insurance benefits after May 1, 2008, (ECF No. 1-1 at 66), for an injury Plaintiff suffered on or about July 17, 2006, while working for Precision Drywall as a drywall installer. (ECF No. 1-1 at 11, 20).

Plaintiff filed his initial complaint on November 1, 2017 in the Superior Court of California, County of Fresno. (ECF No. 1-1 at 5). Plaintiff filed an Amended Complaint on November 3, 2017. (ECF No. 1-1 at 12). Defendant timely removed the complaint to this Court on December 13, 2017, pursuant to 28 U.S.C. §§ 1441 and 1446(b). The Court has jurisdiction under 28 U.S.C. § 1332(a), as the parties are of diverse citizenship, and Plaintiff's claim(s), which involve hospital bills and lost wages potentially dating back to 2006, meet the $75,000 amount in controversy requirement. (ECF No. 1 at 1). Now before the Court is Defendant's unopposed motion to dismiss pursuant to Fed. R. Civ. P. 8(a)

1

and 12(b)(6) for failure to state a claim for relief that is plausible on its face. (ECF No. 5 at 1-3). For the reasons discussed below, this Court GRANTS WITHOUT LEAVE TO AMEND Defendant's motion to dismiss.

## II. <u>BACKGROUND</u>

The following facts are drawn from the complaint and the materials submitted with the complaint. *United States v. Corinthian Colleges*, 655 F.3d 984, 998-99 (9th Cir. 2011). ("As a general rule, [a court] 'may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion' . . . [a court] may, however, consider materials that are submitted with and attached to the complaint.") (internal citations omitted). Plaintiff was injured while employed by Precision Drywall on or about July 17, 2006. (ECF No. 1-1 at 11). Precision Drywall had workers' compensation insurance coverage, known as the ("Voluntary Plan"), through Allied Underwriters, Inc. which paid insurance benefits to Plaintiff after his injury. (ECF No. 1-1 at 66). On May 1, 2008, Defendant sent a letter to Plaintiff informing him that he had "reached [his] maximum benefit entitlement under the Voluntary Plan." *Id*.

Plaintiff appealed the denial of additional benefits to the California Worker' Compensation Appeals Board and Unemployment Insurance Appeals Board ("CUIAB") without success. On October 10, 2017, the CUIAB sent a letter to Plaintiff informing him that their decision was final and that any additional review of the case was only possible through judicial review of the decision under California Code of Civil Procedure § 1094.5. (ECF No. 1-1 at 22). On November 3, 2017, Plaintiff filed an amended complaint in the Fresno County Superior Court alleging that on or about July 17, 2006, a written and oral agreement was made between Defendant and Plaintiff, and that Defendant breached the agreement on the same date when "the insurance [Applied Underwriters Inc.] stopped paying my hospital[] bills halfway through and [I] lost wages." (ECF No. 1-1 at 12, 16). Attached to his complaint are a number of exhibits. (ECF No. 1-1 at 20-69.)

## III. <u>STANDARD OF DECISION</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the legal

sufficiency of the opposing party's pleadings. Dismissal of an action under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the pleading party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The inquiry is generally limited to the allegations made in the complaint. *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To overcome a Rule 12(b)(6) challenge, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim is one which provides more than "a sheer possibility that a defendant has acted unlawfully." *Id*. A claim which is possible, but which is not supported by enough facts to "nudge [it] across the line from conceivable to plausible . . . must be dismissed." *Twombly*, 550 U.S. at 570.

A complaint facing a Rule 12(b)(6) challenge "does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the element of a cause of action will not do." *Id.* at 555 (internal citations omitted). In essence, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Id*. at 562. To the extent that any defect in the pleadings can be cured by the allegation of

3

additional facts, the plaintiff should be afforded leave to amend, unless the pleading "could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

### IV. ANALYSIS

**A.  The Complaint Fails to State a Claim for Relief that is Plausible On Its Face**

A pro se plaintiff must satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a). Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, must be dismissed if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see also* Fed. R. Civ. P. 12(b)(6). Dismissal is thus appropriate based either on the "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri*, 901 F.2d at 699.

Review of Plaintiff's complaint reveals that it fails to allege a cognizable legal theory, or facts supporting a cognizable legal theory. As noted above, the Plaintiff's only allegation is that on or about July 17, 2006, "the insurance [Applied Underwriters Inc.] stopped paying my hospital[] bills halfway through and I lost wages." (ECF No. 1-1 at 16). Construing the complaint liberally, Plaintiff could possibly be alleging either, or both, a cause of action for judicial review of the CUAIB's decision on his workers' compensation/disability benefits claim, or for breach of contract.

**1.  Judicial Review of CUIAB's Decision**

To the extent that Plaintiff is alleging a cause of action for judicial review of the CUIAB decision, Plaintiff has not alleged this claim with the minimal detail required by Fed. R. Civ. P. 8(a) to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. Pursuant to the CUIAB letter dated October 10, 2017, Plaintiff appears to have exhausted his administrative remedies and has been directed to seek additional review through the courts. (ECF No. 1-1 at 22). However, judicial review of CUIAB administrative decisions is necessarily limited. "The inquiry in such a case shall extend to the questions whether the respondent has proceeded without, or in excess of, jurisdiction; whether there was a fair

trial; and whether there was any prejudicial abuse of discretion. Abuse of discretion is established if the respondent has not proceeded in the manner required by law, the order or decision is not supported by the finding, or the findings are not supported by the evidence." Cal. Civ. Proc. Code § 1094.5(b) (emphasis added). When reviewing an administrative decision, a court must exercise its "independent judgment" on the evidence in the administrative record, *see e.g., Macgregor v. Unemployment Ins. Appeals Bd.*, 37 Cal. 3d 205, 211-12 (1984), but nevertheless must "afford a strong presumption of correctness concerning the administrative findings, and the party challenging the administrative decision bears the burden of convincing the court that the administrative findings are contrary to the weight of the evidence." *Fukuda v. City of Angels*, 20 Cal. 4th 805, 817 (1999). The agency's conclusions will be upheld if they are supported by "substantial evidence." *Macgregor*, 37 Cal. 3d at 212.

Here, Plaintiff has failed to allege facts that would allow a court to find that CUIAB's decision to deny Plaintiff additional worker's compensation benefits exceeded CUIAB's jurisdiction, that CUIAB has not proceeded in the manner required by law, or that CUIAB's decision was an abuse of discretion. *See* Cal. Civ. Proc. Code § 1094.5(b).

## 2. **Plaintiff's Claim for Breach of Contract**

To the extent that Plaintiff is alleging a cause of action for breach of contract, Plaintiff has failed to state adequate facts to support a cognizable claim. "Pursuant to California law, to state a claim for breach of contract, the plaintiff must allege []: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damages to plaintiff as a result of defendant's breach." *Merced Irr. Dist. v. Cnty. of Mariposa*, 941 F. Supp. 2d 1237, 1270 (E.D. Cal. 2013) (citing *Mammoth Lakes Land Acquisition, LLC v. Town of Mammoth Lakes*, 191 Cal. App. 4th 435, 463 (2010)). Even construing the complaint liberally, the only fact Plaintiff alleges is that the insurance stopped paying his hospital bills. (ECF No. 1-1 at 16). Plaintiff has not alleged the existence of any contract between himself and Defendant, the terms of any contract between himself and Defendant, any alternative means by which he could be considered a third-party beneficiary of a

contract, or how Defendant breached any such contract.

Additionally, California applies a four-year statute of limitations to claims based on written contracts. *See* Cal. Civ. Proc. Code § 337. In this case, Plaintiff's complaint was filed more than nine years after being notified on May 1, 2008 that his maximum benefit entitlement under the Voluntary Plan had been reached. (ECF No. 1-1 at 66). Because almost six years have passed since the statute of limitations was reached on May 1, 2012, Plaintiff's claim is barred.

## V. CONCLUSION AND ORDER

For the reasons set forth above, all of Plaintiffs' potential claims fail as matter of law. The Complaint in its current form does nothing more than allege that Defendant stopped paying insurance money to Plaintiff. This claim is both insufficient to allege a claim for relief and is barred by California's statute of limitations. Furthermore, the Court cannot find, in the absence of opposition detailing what additional facts could be plead, that allowing for leave to amend would be anything but futile. *See Martinez v. Wells Fargo Bank, N.A.*, CASE NO. 5:13-cv-05597 EJD, 2014 WL 1572689, at *4 (N.D. Cal. Apr. 17, 2014). Accordingly, the Court GRANTS Defendant's motion to dismiss WITHOUT LEAVE TO AMEND. The Clerk of Court is directed to CLOSE THIS CASE.

IT IS SO ORDERED.

Dated: **March 2, 2018**          /s/ Lawrence J. O'Neill
                                  UNITED STATES CHIEF DISTRICT JUDGE